UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

TULA CALDERON, and all others similarly situated,

     Plaintiff,

vs.

UNIVERSAL PROTECTION SERVICE, LLC, a Florida Limited Liability Company,

     Defendant.

_____/

# COMPLAINT

COMES NOW Plaintiff, TULA CALDERON, by and through her undersigned attorney, and hereby sues Defendant, UNIVERSAL PROTECTION SERVICE, LLC ("UPS"), a Florida Limited Liability Company, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime and minimum wage pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The Corporate Defendant is a security guard company that regularly transacted business within Miami-Dade County, Florida, including the work performed by the Plaintiff while she was employed by the Defendant.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6. UPS's business activities involve those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Defendant also used electronic and telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

7. Upon information and belief, the annual gross income for the Defendant UPS during the year of 2015 was of $500,000.00, annually.

8. Upon information and belief, the annual gross income for the Defendant UPS during 2016 is expected to be in excess of $500,000.00.

9. By reason of the foregoing, UPS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. The corporate Defendant is a company that offers security guard services. Plaintiff was employed as a non-exempt security guard from approximately April 20, 2015 through June 13, 2016.

12. Plaintiff was paid a rate of $9.50 per hour from April 20, 2015 through December 2015. Plaintiff was paid a rate of $10.00 per hour from January 2016 through February 2016. Plaintiff was paid a rate of $11.00 per hour from March 2016 through June 13, 2016.

13. During the time period of January 29, 2016 through February 18, 2016, Plaintiff worked approximately 72 hours per week. The agreed upon rate was $10.00 per hour. Plaintiff was paid $66.92 for the period. During this period Plaintiff worked one week in which she worked 51 hours per week, but was not paid overtime wages (as well as minimum wages). Plaintiff is owed overtime wages at a rate of time and one and half.

14. Plaintiff worked more than 40 hours per week. During several weeks, Plaintiff worked more than 40 hours per week. During these weeks, Defendant would feign compliance with the payment of overtime by paying her a reduced wage, and paying overtime wages based on one and a half times the reduced rate of pay. This manipulation of her rate was intended to be in contravention of the FLSA.

15. During the relevant time period Plaintiff was not paid overtime wages for all the hours that she worked. Plaintiff worked several off the clock hours for which she was not paid overtime wages. Plaintiff is owed these overtime wages at a rate of time and one half the regular rate of pay.

16. The similarly situated individuals are those individuals whom were employed by the Defendant as office employees and whom were not paid overtime wages, in whole or in part.

17. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours

provided by the FLSA but no provision was made by the Defendant to properly pay her at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

18. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant was aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendant was aware of Plaintiff's pay records and the rate that she was being paid for her hours. Despite Defendant having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendant did not alter their pay practices to pay overtime wages.

19. Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II. CLAIM FOR FLSA MINIMUM WAGES

20. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

21. The corporate Defendant is a company that offers security guard services. Plaintiff was employed as a non-exempt security guard from approximately April 20, 2015 through June 13, 2016.

22.     Plaintiff was paid a rate of $9.50 per hour from April 20, 2015 through December 2015. Plaintiff was paid a rate of $10.00 per hour from January 2016 through February 2016. Plaintiff was paid a rate of $11.00 per hour from March 2016 through June 13, 2016.

23.     During the time period of January 29, 2016 through February 18, 2016, Plaintiff worked approximately 72 hours per week. Plaintiff was paid $66.92 for the period.

24.     The FLSA requires that employees be paid a wage not less than $7.25 per hour for each worked. Defendants failed to pay minimum wages to the Plaintiff during this week.

25.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that she was being paid for her hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage she was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

26.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the

unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: June 19, 2016

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone 305-773-6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561